**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
Kenneth M. Misken
Assistant United States Trustee
**UNITED STATES TRUSTEE**
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
Telephone (213) 894-3240; Facsimile (213) 894-0276
E-mail: Kenneth.m.misken@usdoj.gov

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>**ARA ERIC HUNANYAN,**<br><br>　　　　　　Debtor. | Case No. 1:21-bk-10079-MT<br><br>Chapter 7<br><br>**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO APPLICATION BY NANCY HOFFMEIER ZAMORA, FOR AUTHORIZATION TO EMPLOY GROBSTEIN TEEPLE LLP AS ACCOUNTANTS EFFECTIVE JANUARY 28, 2021; REQUEST FOR HEARING** |

　　　TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE, AND OTHER PARTIES IN INTEREST:

　　　The United States Trustee (the "U.S. Trustee") has reviewed the Chapter 7 Trustee's Application for Authorization to Employ Grobstein Teeple LLP as Accountants Effective January 28, 2021, and files this limited objection asserting that the effective date of the application should be the date of the hearing, or if there is not a hearing, the date that the order is signed by the Court.

**BACKGROUND**

On January 19, 2021, Ara Eric Hunanyan (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On Schedule A/B, the Debtor lists real property located at 16925 Gault Street, Van Nuys, California 91404 (the "Gault Property") with a current value of $500,000.00. The Gault Property is listed as the Debtor's primary residence. On Schedule C, the Debtor lists a secured claim held by Hovik Meguerian in the amount of $130,700.00 and a secured claim held by JPMCB Home in the amount of $169,280.00. The secured claims total approximately $300,000.00, leaving approximately $200,000.00 in equity. The Debtor claims the equity in the Gault Property exempt under C.C.P. § 704.730.

In addition, the Debtor lists rental property located at 15950 Sherman Way, Unit #4, Van Nuys, California 91406 (the "Rental Property") with a current value of $400,000.00. The Debtor lists his interest in the Rental Property at $200,000.00. On Schedule D, the Debtor lists two secured claims totaling $123,085.00 against the Rental Property: (1) a $60,000.00 secured claim held by Kathryn Irene Phillips, Esq., and (2) a $63,085.00 first deed of trust held by Wells Fargo Home Mortgage. Thus, it appears that the Rental Property has approximately $276,915.00 in equity.

On February 17, 2021, the Chapter 7 Trustee filed her Application for Authorization to Employ Grobstein Teeple LLP ("GT") as Accountants Effective as of January 28, 2021. The Chapter 7 Trustee proposed to retain GT to evaluate assets and liabilities of the Debtor, evaluate tax issues related to the Debtor and estate, and prepare tax returns, among other things. The United States Trustee does not object to the Chapter 7 Trustee employing GT as accountants but asserts that the effective date of the employment should be the hearing date, or the date that the Court signs the order, if there is no hearing.

**A. IF THE COURT APPROVES THE APPLICATION, THE EFFECTIVE DATE SHOULD BE THE DATE OF THE HEARING, OR THE DATE THE ORDER IS SIGNED, IF THERE IS NO HEARING.**

In *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S.Ct. 696 (2020), the Supreme Court addressed the limited scope of *nunc pro tunc* orders. There, the Supreme Court held that a bankruptcy court's remand of a removed proceeding to

2

the Puerto Rico Court of First Instance - in August 2018, but "effective as of March 13, 2018" - did not restore the Court of First Instance's jurisdiction on the earlier date. Accordingly, the Court of First Instance's intervening payment and seizure orders were void for want of jurisdiction. *Id*. at 700-01.

> As relates to *nunc pro tunc* orders, the Supreme Court stated that:
>
> Federal courts may issue *nunc pro tunc* orders or "now for then" orders … to "reflect the reality" of what has actually occurred. "Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court."… Put colorfully, "[n]unc pro tunc orders are not some *Orwellian vehicle for revisionist history* - creating 'facts' that never occurred in fact."

*See id.* at 700-01 (emphasis added).

Here, the Chapter 7 Trustee seeks approval of GT's employment "effective as of January 21, 2021." There is, however, no indication that the Court had intended (but through some inadvertence was unable) to enter an order approving GT's employment on a date that preceded the filing of the application. Entry of such an order now would not comport to the facts.

Thus, by virtue *Roman Catholic Archdiocese of San Juan, Puerto Rico*, it would be inappropriate for the Court to issue an order authorizing GT's employment *nunc pro tunc* or retroactive to a date that precedes approval of the application. In *In re Miller*, the United States Bankruptcy Court for the Eastern District of California explained that

> *Acevedo*'s significant limit on the use by federal courts of *nunc pro tunc* orders has necessitated a change in bankruptcy practice. *Nunc pro tunc* orders have been common, particularly with respect to employment under § 327. Bankruptcy courts have recognized that practice must now stop.

620 B.R. 637, 641 (Bankr. E.D. Ca. 2020) citing *In re Roberts*, 618 B.R. 213, 217 (Bankr. S.D. Ohio 2020) and *In re Benitez*, 2020 WL 1272258, *2 (Bankr. E.D.N.Y. March 13, 2020).

Nevertheless, the *Miller* court held that *Acevedo* does not prohibit all retroactive relief in all instances. *Id.* Noting that "[s]tatutes may . . . serve as a basis, express or implied, for

3

orders that have retroactive effect without the need for inherent power *nunc pro tunc* orders," the Court went on to hold that §§ 327 and 330 of the Bankruptcy Code and Rule 6003(a) of the Federal Rules of Bankruptcy Procedure empower courts to compensate professionals "for services provided before employment is formally approved . . . ." *Id.* at 641-42.

Here, the application to employ GT was filed on February 17, 2021, within 30 days from the date that the Chapter 7 Trustee requested GT's services. The Court does not need to utilize its inherent power to issue *nunc pro tunc* orders to ensure that GT is compensated from the date that it began to provide services to the Chapter 7 Trustee and estate. Given that the application was filed timely, the Court can simply order that GT may request compensation for fees arising from the "reasonable, necessary, and beneficial services" that GT provided to the Chapter 7 Trustee and the estate prior to the approval of its employment. At the time that GT files its application for compensation, the Court, the United States Trustee, and parties in interest will have the opportunity to assess whether such fees are "reasonable, necessary, and beneficial."

## CONCLUSION

Based upon the foregoing, the U.S. Trustee asserts that if the Court grants the Application for Authorization to Employ Grobstein Teeple, LLP, the effective date should be the date of the hearing, or if there is no hearing, the date that the order is signed.

Dated: March 4, 2021                                United States Trustee

By: */s/ Kenneth M. Misken*
Kenneth M. Misken
Assistant United States Trustee

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): **UNITED STATES TRUSTEE'S LIMITED OBJECTION TO APPLICATION BY NANCY HOFFMEIER ZAMORA, FOR AUTHORIZATION TO EMPLOY GROBSTEIN TEEPLE LLP AS ACCOUNTANTS EFFECTIVE JANUARY 28, 2021; REQUEST FOR HEARING,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **3/4/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **3/4/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/4/2021 | Veronica M. Hernandez | /s/ Veronica M. Hernandez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## SERVICE LIST FOR PROOF OF SERVICE

| **SERVED ELECTRONICALLY** | **SERVED BY U.S. MAIL** |
|---|---|
| Kenneth M Misken   kenneth.m.misken@usdoj.gov | U.S. Bankruptcy Court |
| Shraddha Bharatia   notices@becket-lee.com | San Fernando Valley Division |
| Ori S Blumenfeld   Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com | 21041 Burbank Boulevard  Woodland Hills, California 91367 |
| Jeremy Faith   Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com | Ara Eric Hunanyan  16925 Gault Street  Van Nuys, CA 91406 |
| United States Trustee (SV)  ustpregion16.wh.ecf@usdoj.gov | |
| Nancy J Zamora (TR)   zamora3@aol.com, nzamora@ecf.axosfs.com | |