JEREMY W. FAITH (SBN 190647)
*Jeremy@MarguliesFaithLaw.com*
ORI S BLUMENFELD (SBN 259112)
*Ori@MarguliesFaithLaw.com*
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino California 91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777

Attorneys for Nancy J. Zamora, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>ARA ERIC HUNANYAN,<br><br>Debtor. | Case No.: 1:21-bk-10079-MT<br><br>Chapter: 7<br><br>**CHAPTER 7 TRUSTEE'S REPLY TO THE UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO COMPROMISE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: June 30, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom "302"<br>   United States Bankruptcy Court<br>   21041 Burbank Blvd.<br>   Woodland Hills, California, 91367 |

**TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

Nancy J. Zamora, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Ara Eric Hunanyan (the "Debtor"), hereby submits this response to the United States Trustee's (the "UST") objection (the "Objection") to the Trustee's Motion for Order Authorizing Trustee to Approve Compromise of Controversy ("Motion") with the Probate Estate (the "Kokikian Estate") of Azniv Kokikian (Deceased) aka Azniv

Meguerian ("Kokikian") Under Federal Rule of Bankruptcy Procedure 9019 (the "Motion"), as follows:

## I.

## **INTRODUCTION**

The UST's Objection is founded on two misinterpretations of the proposed settlement agreement ("Settlement Agreement") that the Trustee seeks approval from this Honorable Court. First, the mechanics of the Settlement Agreement do not require the Trustee to object to the Debtor's claimed Homestead Exemption.  Second, the priority status of the Kokikian Estate's claim in the Bankruptcy Case is not at issue in the instant matter

## II.

## **ARGUMENT**

### A.    **Debtor's Homestead Exemption Does Not Need to be Contested**

The UST's Objection appropriately cites the applicable rule (i.e. F.R.B.P. 4003(b)) regarding objections to claims of exemption. Nevertheless, it incorrectly presumes that the Trustee is trying to circumvent the required procedures for objecting to Debtor's claim of exemption by entering into the Settlement Agreement.

As pointed out in the Motion, the Debtor's homestead exemption does not apply as to the past due rents reimbursable to the Kokikian Estate out of the proceeds of the sale of the residence pursuant to California Family Code §§ 1100, 1101, and 723.[1]

The Settlement Agreement relies on the fact that the Debtor may not claim an exemption in a community asset as against the co-owner of that asset, the Kokikian Estate. Thus, the Debtor's obligations owed under the Dissolution Judgment for the Kokikian Estate's half of the past due rents must be paid out of the Debtor's half of the sale proceeds of the community asset. Allowing the Debtor to assert such exemption as against the Kokikian Estate would create the absurd result in which divorcing

---

[1] Due to a scrivener's error, the Trustee intended to state that the applicable Family Code was § 721 – not 723. As the Trustee correctly pointed out, there is no § 723 does not exist. The Trustee apologizes to the Trustee and the Court for the clerical error.

parties could assert exemptions against each other in their shared community assets. Admittedly, the Trustee has been unable to find case authority directly supporting this position – likely due to the fact that no party has bothered to litigate the issue.

Pursuant to the Settlement Agreement, upon sale of the property, the proceeds will technically go to the Kokikian Estate as mandated by the judgment in the Divorce Proceeding, and from those proceeds the Kokikian Estate will pay the amount owed under the Settlement Agreement. The net difference to the Debtor is no different than if the Trustee abandoned the property back to him, in which case the Kokikian Estate could liquidate the property and recover all the proceeds. Accordingly, there is no need to object to the Homestead Exemption under these circumstances.

### B. The Priority of the Kokikian Estate's Rent Claim is Not at Issue

Again, the UST's Objection appropriately recites applicable authorities regarding priority determination, if relevant to the applicable matter. Here, they are not. Priority in the context of the bankruptcy estate is not at issue. The Trustee has not taken the position that the Kokikian Estate has "priority" over the Debtor's homestead exemption. The Trustee's submits that the Kokikian Estate's claims are simply not subject to ANY exemption the Debtor could assert as it concerns the community assets. Therefore, a judicial determination of the priority of the Kokikian Estate's claim is unnecessary in the instant matter. In fact, the Settlement Agreement provides that the Kokikian Estate's claim in the bankruptcy case is to be a general unsecured claim. As such, these arguments have no bearing on the Court's ability to approve the Settlement Agreement.

///

///

///

3

## III.

## **CONCLUSION**

A review of the evidence and facts in this case demonstrates that the Settlement Agreement is in the best interests of the Estate and creditors. It is fair and reasonable, and was achieved through an arms-length negotiation. As such, the Trustee respectfully requests that this Honorable Court grant the Trustee's Motion, and for all other relief as is just and proper.

Dated: June 23, 2021                          **MARGULIES FAITH LLP**

                                                            By:   */s/ Ori S. Blumenfeld*   .
                                                                   Jeremy W. Faith
                                                                   Ori S. Blumenfeld
                                                     Attorneys for Nancy J. Zamora, Chapter 7 Trustee for the bankruptcy estate of Ara Eric Hunanyan

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **CHAPTER 7 TRUSTEE'S REPLY TO THE UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO COMPROMISE; MEMORANDUM OF POINTS AND AUTHORITIES**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 23, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **June 23, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:** Pursuant to Amended General Order 21-05 Filed June 22, 2021, no Judge's copy is being served.
DEBTOR: Ara Eric Hunanyan 16925 Gault Street, Los Angeles, CA 91406

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 23, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
VIA EMAIL:
Ara Eric Hunanyan – hunanyan@aol.com
Stephen Burton – steveburtonlaw@aol.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 23, 2021 | Angela Saba | /s/ Angela Saba |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **ATTORNEY FOR INTERESTED PARTY Shraddha Bharatia**    notices@becket-lee.com
- **ATTORNEY FOR TRUSTEE: Ori S Blumenfeld**    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **ATTORNEY FOR TRUSTEE: Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **ATTORNEY FOR US TRUSTEE: Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **UNITED STATES TRUSTEE (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **CHAPTER 7 TRUSTEE: Nancy J. Zamora (TR)**    zamora3@aol.com, nzamora@ecf.axosfs.com
- **ATTORNEY FOR DEBTOR: Stephen L Burton**    steveburtonlaw@aol.com, ellie.burtonlaw@gmail.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**