


FILED & ENTERED

SEP 27 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fisherl    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Ara Eric Hunanyan<br><br><br><br><br><br>Debtor(s). | Case No.: 1:21-bk-10079-MT<br><br>CHAPTER 7<br><br>**ORDER DENYING MOTION TO DISQUALIFY JUDGE MAUREEN TIGHE**<br><br>No hearing set |

There have been years of litigation in the California Family Law Court between Ara Eric Hunanyan (the debtor in this bankruptcy case) and the estate of his late ex-wife Azniv Kokikian.[1]  At least in part this has concerned the title to three properties (Gault, Sherman Way, and 10th Street). On August 17, 2020 Judge Mark Juhas issued a judgment that these were community property between Mr. Hunanyan and his deceased ex-spouse Azniv Kokikian.  As part of that judgment, the judge held that the Kokikian Estate immediately sell the three properties, divide the net proceeds between the Kokikian Estate and Mr. Hunanyan, but deduct from Mr. Hunanyan's distribution the

---

[1] LASC Case LD 046786 (referred to as the "state court case" or the "family law case")

past due rents that he owed at the rate of $6,900 per month from January 31, 2006 until the properties were sold.

On January 19, 2021, Mr. Hunanyan filed this chapter 7 bankruptcy case.[2] Nancy Zamora was appointed as the chapter 7 trustee.  On April 2, 2021, the Kokikian Estate filed proof of claim #4 in the amount of $1,066,423.90, based on the State Court judgment. Mr. Hunanyan objected to this claim and at the hearing on August 18, 2021, Judge Tighe overruled the objection and allowed the claim as set forth in her tentative ruling (dkt. 163 and 168).

Beyond the bankruptcy case issues, Mr. Hunanyan also filed an adversary proceeding against Hovik and Lucy Meguerian objecting to claim #4, seeking determination of dischargeability of debt, and for avoidance of lien on the Sherman Way property in the amount of $130,000.[3]  It appears that the Meguerians are the representatives of the Estate of Azniv Kokikian.  Lisa Rosenthal represents the Estate of Azniv Kokikian in the bankruptcy case and the Meguerians in the adversary proceeding.

On September 8, 2021, Mr. Hunanyan filed a verified statement to disqualify Judge Tighe in the bankruptcy case (dkt. 176). Thereafter counsel for the Trustee filed an opposition (dkt. 177) and Mr. Hunanyan filed an objection to the Trustee's opposition.  On that same day, Mr. Hunanyan filed a verified statement to disqualify Judge Tighe in the adversary proceeding (dkt. 14) and, although no opposition exists on the adversary proceeding docket, on September 16 Mr. Hunanyan filed an objection to the Trustee's opposition to his request for recusal (dkt. 16).

The documents filed in the adversary proceeding are identical to those in the bankruptcy case.  Because Mr. Hunanyan used the adversary number on his filings, they were recorded on both dockets, although he did not use the formal case caption on the ones docketed in the adversary proceeding.  Nonetheless, it is obvious that if Judge Tighe must be recused from the main case, she is also to be removed from hearing the adversary proceeding, which deals with the same parties and the same basic issues.

---

[2] 1:21-bk-10079-MT (referred to as "the bankruptcy case")
[3] 1:21-ap-01036-MT (referred to as "the adversary proceeding")

Thus, I will be referring to the "bankruptcy case" and not to matters in the "adversary proceeding."

This request to disqualify Judge Tighe was assigned to me to determine. Until this time, I have not been aware for the case or of any of the parties to this claim.

A review of the docket shows that this case has been contentious throughout. In the nine months of the life of this case, over 170 matters have been put on the docket and, as noted above, there is also an adversary proceeding between the same parties. Mr. Hunanyan has sought to remove Ms. Zamora as trustee (dkt. 109) and has fought unsuccessfully to block the sale of the Gault property (dkt. 102). There was a compromise between the bankruptcy estate and the Kokikian Estate, which was approved by the Court (dkt. 100, 101), concerning the handling of the Sherman Way property and the Gault property. The 10th Street property was sold by the Kokikian Estate prior to the bankruptcy being filed. The compromise allowed the Kokikian Estate's claim as a general unsecured claim in full, but provided for reducing it in some ways and for the bankruptcy estate to retain some funds. As part of the compromise approved by the Court in early July, it is clear that there will not be sufficient proceeds from the properties to make this a surplus estate. In fact, the total expected equity from the three properties would be approximately $430,000 before the 50/50 division.

Mr. Hunanyan has filed an appeal of the order denying his emergency motion to reconsider the order approving the Trustee's motion to compromise. That is pending in the district court.[4] As to the sale of Gault, a motion to stay that sale pending appeal was filed in the bankruptcy case and denied (dkt. 128, 125, 139) and then such a motion was also filed in the district court, which denied it due to the failure to obtain a stay in the bankruptcy court.[5] The appeal of the compromise decision is still pending in the district court. It is not clear whether Mr. Hunanyan's appeal of the state court

---

[4] USDC 2:21-cv-06064-AB
[5] USDC 2:21-cv-06064-AB (dkt. 13, 16)

-3-

dissolution judgment is still pending, but if it is it appears that it is not stayed since the 10th Street property was sold pre-petition.[6]

### The Stated Grounds for Recusal, its Opposition, and its Reply

Mr. Hunanyan puts forth the following history:

There were times when Ms. Zamora worked with Ms. Kokikian in that Ms. Zamora hired Ms. Kokikian as estate agent for three years and that Ms. Kokikian was represented by Ms. Rosenthal, who now represents her family law estate.  Because they conducted several "straw buyer" buy/sell transfers for purposes of making money, this makes Ms. Zamora biased against Mr. Hunanyan's interest and Judge Tighe denied Mr. Hunanyan's motion to remove Ms. Zamora as trustee.

Claim #4 is defective on its face and contains misstatements under penalty of perjury and thus Judge Tighe should have sustained Mr. Hunanyan's objection to it.

When Mr. Hunanyan did object to claim #4 (because the Trustee failed to), Ms. Rosenthal did not timely oppose.  Mr. Hunanyan filed a notice of no opposition, but the Court allowed a late opposition.  Because Ms. Rosenthal mailed her late opposition to Mr. Hunanyan and did not email it, he received it shortly before the hearing and had only one day to prepare a reply, which was not enough time.  Ms. Rosenthal did not appear at the hearing, but Judge Tighe would not grant Mr. Hunanyan a continuance to prepare his written opposition.  Instead she made him argue his position orally.  Thus he could not effectively present the various tables to show that some funds would be available to him and therefore he has standing.

Judge Tighe had prejudged the matter as shown in her tentative ruling, which overruled his objection without even having his reply.

At the hearing, the Trustee appeared through counsel, although she had not filed any opposition, and Judge Tighe asked her argument against Mr. Hunanyan's position. The Trustee responded, "Your honor, we believe that Debtor has no standing."

---

[6] The Court takes judicial notice that as of September 27, 2021 there have been eleven appeals filed in the California Court of Appeal from the state court case.  I am not sure which one deals with the judgment in question.

The argument as to bias is contained in paragraphs 32, 33, and 43 of the verified statement. They read as follows (the grammar is left as in the document since the meaning is clear to the reader):

32.  The fact that the Court invited Trustee who did not even opposed to my Motion to Object, instead of attorney Rosenthal to make arguments in the Court indicates that this Court has an <u>ex parte communications</u> with Trustee and attorney Rosenthal. The Court clearly knew that attorney Rosenthal will not appear and requested that attorney of Trustee be instead of her.  [*emphasis in original*]

33.  Trustee who did not oppose to the Debtor's motion appeared in the hearing and with one sentence "your honor we believe Debtor has no standing" "convinced" this biased Court that Debtor has no standing. Believing is not evidence, not fact and not authority. The Court is not a religious organization to rely on someone's beliefs. The Court to be convinced must be presented facts and law. Neither of them was presented to this Court which already has all decisions and rulings prejudged and predetermined from day one of this case.

43.  The scheme that this Court substituted missing attorney Rosenthal and use Trustee's attorney is an indication that this Court <u>conducts illegal ex parte communications</u> with Trustee and attorney Rosenthal and they all knew and agreed what should be done. [*emphasis in original*]

In opposition, the Trustee asserts that claim #4 was resolved by the settlement agreement as described above.  Ms. Zamora states in her declaration that she had no ex parte communication with Judge Tighe.  She also notes that because Ms. Zamora is a party in interest in this case, Judge Tighe had a right to solicit input from her and her counsel in open court.

In his reply to the Trustee's opposition. Mr. Hunanyan repeats that the only way that Judge Tighe could know that Ms. Rosenthal would not appear at the hearing was

through some sort of ex parte communications and that apparently Judge Tighe "requested that attorney for Trustee appear instead of attorney Rosenthal which attorney Ori Blumenfeld actually did."

<p style="text-align:center"><u>The Law as to Recusal</u></p>

"A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises, or, if appropriate, shall be disqualified from presiding over the case." Fed. R. Bankr. P. 5004(a).

Section 455 of Title 28, provides in pertinent part:

 (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party . . . .

 Subdivisions (b)(2) through (5) describe various interests and relationships that require a judge to disqualify themselves that are not relevant here.

Under § 455(a), "[t]he standard for recusal is an objective one: 'whether a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned.'" *In re Georgetown Park Apts., Ltd*., 143 B.R. 557, 559 (B.A.P. 9th Cir. 1992), quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).

The primary case on disqualification due to prior judgments, remarks by a judge that appear hostile to a party, information introduced in the current proceeding or prior proceedings, extrajudicial sources, or rulings made in the case are almost never a valid basis for a motion to disqualify on the basis of bias. There needs to be a showing of deep-seated favoritism or antagonism as would make a fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, (1994)

Application to this Motion

In preparation for ruling on Mr. Hunanyan's request that Judge Tighe be disqualified, I have reviewed the matters on the docket as set forth above, Judge Tighe's tentative ruling and order on the objection to claim #4, and the various filings as to the objection to claim #4. I have also listened to a recording of the hearing from August 18, 2021. During that hearing. Mr. Hunanyan spoke for 12 minutes without interruption. Must of what he said repeated what is laid out in his objection to the claim – matters of errors in the claim and the nature of the claim, as to whether it is a priority claim or not. He went into detail with the assertion that the state court made an erroneous finding as to the amount of rent that he owed and that it should be only about half of the $1+ million. He spoke about other claim(s) that should be allowed in a lesser amount and thus it should be seen as a surplus estate. At one point he started arguing that the claim is dischargeable under §523 because his ex-wife is deceased. [It should be noted that dischargeability is not an issue in the objection to the claim itself, although he does raise it in his complaint in the adversary proceeding.]

Mr. Hunanyan also argued that because the claim was denominated by the state court as rent, the amount is limited under the bankruptcy code to only one year of unpaid rent. Unfortunately, this does not apply to the Kokikian Estate claim because the rent limitation is only for future rent for a lease that is terminated in bankruptcy. 11 USC §502(b)(6). In fact, this judgment for rent is not part of a lease and so the damages limitation does not apply even if the Trustee had "terminated" it.

Getting to the specific assertions of bias, Mr. Hunanyan claims that the only way that Judge Tighe could know that counsel for the Trustee would appear in the place of Ms. Rosenthal was because there must have been an ex parte communication. The record does not reflect that. At the hearing, Judge Tighe called the case and asked for appearances. Mr. Blumenfeld (as counsel for Ms. Zamora) stated that Ms. Rosenthal had notified him that she had another hearing in a different court and that she had

asked him to appear in her place.  There is no indication that Judge Tighe had prior knowledge of this.

     Mr. Hunanyan also asserts that Judge Tighe failed to continue this hearing so that he could file papers, apparently showing that this is a surplus estate and that he has standing to object to the claim.  While the Trustee's counsel did state (among other things) that the Trustee "believes" that Mr. Hunanyan does not have standing as this is not a surplus case, that is not the basis of Judge Tighe's ruling.  Judge Tighe did not rule on anyone's "belief."  [Here I note that the term "believe" is not limited to the religious arena.  Webster's Online Dictionary defines the verb "believe" to include the following (examples in parentheses): [7]

<u>Transitive verb</u>
1a: to consider to be true or honest
(believe the reports)
(you wouldn't believe how long it took)

b: to accept the word or evidence of
(I believe you)
(couldn't believe my ears)

2: to hold as an opinion
(I believe it will rain soon)

<u>Intransitive verb</u>
1a: to accept something as true, genuine, or real
(ideals we believe in)
(believes in ghosts)

b: to have a firm or wholehearted religious conviction or persuasion : to regard the existence of God as a fact
(Do you believe?)
(—usually used with in
believe in the Scriptures)

2: to have a firm conviction as to the goodness, efficacy, or ability of something

---

[7] https://www.merriam-webster.com/dictionary/belief

(believe in exercise)

3: to hold an opinion
(I believe so)

Judge Tighe is absolutely clear at the end of the hearing that she is ruling on the fact that the claim is based on a state court judgment and that Mr. Hunanyan's remedy is to appeal it in the state court system.  At 10:53:32 a.m., after having explained to Mr. Hunanyan that the state court ruling is the basis of her determination, Judge Tighe once more stated: "Your grounds will be with the state appellate court. Right now the state court judgment I am required to honor in this claim and I overrule your objection. " [Mr. Hunanyan then requests clarification of the basis of the ruling.]  Judge Tighe: "On the merits. It has nothing to do with standing.  Even if you had standing, your position is wrong because the state court ruling [unintelligible] valid claim and I cannot overrule the state court."

### Ruling

For the above stated reasons, the request of Mr. Hunanyan to disqualify Judge Tighe from the bankruptcy case and from the adversary proceeding are hereby DENIED.

###

Date: September 27, 2021

Geraldine Mund
United States Bankruptcy Judge